IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DIANA R. HUMBLE,<br><br>      Plaintiff,<br><br>v.<br><br>CIRRUS EDUCATION GROUP, INC.<br><br>      Defendant. | Civil Action No.:<br><br>5:17-CV-192 |

## **COMPLAINT**

COMES NOW Plaintiff Diana R. Humble (hereinafter, "Plaintiff" or "Humble") and brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and O.C.G.A. § 45-1-4. Ms. Humble contends that Defendant Cirrus Education Group, Inc. engaged in pay discrimination, harassment, and constructive dismissal because of her race (white) and retaliation after she reported violations and noncompliance with state and federal laws, rules, and regulations, as follows:

## **JURISDICTION**

1.

This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

2.

This Court has supplemental jurisdiction over the subject matter of the claims involving in this civil action arising under Georgia law pursuant to 28 U.S.C. § 1367.

## VENUE

3.

Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 5 U.S.C. § 7703(b)(2) because Plaintiff was employed and the events underlying this action occurred in this judicial district.

## PARTIES

4.

Plaintiff Diana R. Humble, a white female, is a citizen of the United States and a resident of Georgia. At all times relevant to this suit, Ms. Humble was employed with Defendant Cirrus Education Group, Inc. at Cirrus Academy Charter School, located at 1870 Pio Nono Avenue, Macon, Bibb County, Georgia 31204.

5.

Defendant Cirrus Education Group, Inc. is a Domestic Nonprofit Corporation, registered in the State of Georgia, and operates Cirrus Academy Charter School in Macon, Georgia. Defendant may be served through its Registered Agent Sheldon Hart at 821 Walnut Street, Macon, Bibb County, Georgia 31201.

## STATEMENT OF FACTS

6.

Ms. Humble, a white female, entered into an employment contract with Defendant on or about July 29, 2016, for a position as a Special Education Teacher.

7.

Defendant operates Cirrus Academy Charter School (hereinafter, "Cirrus Academy") in Macon, Georgia, which has between 15-100 employees.

8.

Ms. Humble has been certified by the State of Georgia to teach special education in all subjects from kindergarten to 8th grade, and she has over a decade of teaching experience. Ms. Humble began working a Cirrus Academy intending to complete her last two years to qualify for a pension.

9.

The vast majority of the administration, faculty, and staff of Cirrus Academy are black and/or African American, including all of Ms. Humble's supervisors. At the beginning of the 2016 school year, only a small number of employees (approximately seven) were white.

10.

Three of the white employees received the brunt of the disparate treatment, harassment, and retaliation, as described herein, including, Ms. Humble, Ginger Snow, the lead special education teacher (hereinafter, "Snow"), and Susan Campbell, an instructional coach (hereinafter, "Campbell").

11.

From the beginning of her employment, Ms. Humble and others observed that she and her white coworkers were treated differently from the other black teachers and employees. Additionally, throughout her employment, Ms. Humble was subjected to harassment, either directly from her supervisors, or from her coworkers and with her supervisors' knowledge. These incidents happened frequently, for example: 1) Unlike other teachers, Ms. Humble and Ms. Snow were provided with little-to-no start up furniture or supplies for their classrooms; 2) Unlike other teachers, Ms. Humble was not initially provided with a planning period; 3) Unlike other teachers, Ms. Humble was assigned many additional assignments other than the duties assigned to her

position; 4) On a number of occasions, Defendant and its employees singled-out Ms. Humble by failing to provide her with supplies and materials necessary for certain programs or instruction; 5) Ms. Humble, Ms. Campbell, and Ms. Snow were "written up" for actions that were considered acceptable when taken by their black coworkers; and, 6) Dr. Ashanti Jackson (black) the Superintendent of Cirrus Academy, largely ignored and stopped speaking to Ms. Humble in November.

12.

Additionally, according to information that Defendant provided to the Georgia Department of Education, Ms. Humble discovered that her annual salary was approximately $5,000-10,000 less than black employees at Cirrus Academy, who were in similar positions, but had less experience, education, or certifications than Ms. Humble.

13.

Beginning in approximately November 2016, Ms. Humble began receiving frequent anonymous text messages that were littered with profanity, racial epithets, and even threatens of physical violence. Ms. Snow and Ms. Campbell were the only other two individuals who received these messages. While the identity of the sender of said text messages remains unknown, the content and pictures contained in the messages clearly indicate that the messages were sent by another employee at Cirrus Academy.

14.

Additionally, on one occasion in late December 2016, Ms. Humble received an email, which appeared to be from Dr. Jackson, suggesting that Ms. Humble should resign and not to "underestimate" her "power and abilities."

15.

Indeed, Defendant contacted the Bibb County Sheriff's Office to investigate these messages; however, the facts will show that despite its knowledge of the harassment by one of its employees, Defendant failed to take the necessary, prompt, and appropriate corrective action to avert or curtail the continued harassment.

16.

Beginning in August 2016, Ms. Humble began raising concerns in email messages and meetings with her supervisors regarding Cirrus Academy's compliance with state and federal requirements for special education. At a certain point, Ms. Humble felt compelled to report her concerns to the Georgia Department of Education.

17.

Throughout her employment, Ms. Humble's supervisors threatened and warned her not to contact the Georgia Department of Education or to report violations, and the hostility and retaliation that Ms. Humble experienced from her supervisors increased after she made such contacts with the Georgia Department of Education.

18.

On or about January 27, 2017, Ms. Humble, along with two colleagues, felt that the level of Cirrus Academy's noncompliance compelled them to file a third-party complaint with the Georgia Department of Education under the Individuals with Disabilities in Education Act (IDEA), raising concerns regarding the implementation of an individualized education program (IEP) and Cirrus Academy's IEP team. On April 4, 2017, the Georgia Department of Education issued a determination, finding that Cirrus Academy was not in compliance with regard to implementation of IEPs and the IEP Team.

19.

Due to the harassment that she has experienced, anonymous threats of physical violence, and upon the direction of Ms. Humble's medical professional, she has remained on unpaid leave since January 2017.

20.

On or about January 26, 2017, Ms. Humble timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging discrimination and harassment based on race (EEOC Charge No.: 410-2017-02091). The EEOC issued its Dismissal and Notice of Rights, which Ms. Humble received on or about February 20, 2017, and Ms. Humble now exercises her right to initiate civil action.

**COUNT I:
RACIAL DISCRIMINATION AND HARASSMENT IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT**

21.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 20, as if the same were set forth herein.

22.

Under Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate against or harass any of its employees on the basis of race. *See* 42 U.S.C. § 2000e-2(a).

23.

As alleged herein, Defendant and Plaintiff are a covered, non-exempt employer and employee under Title VII, respectively. *See* 42 U.S.C. §§ 2000e & 2000e-1.

24.

Defendant's conduct as alleged herein constitutes discrimination based on race in violation of Title VII. Plaintiff will prove that Defendant's stated reasons for its conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

25.

The harassment experienced by Plaintiff was severe and pervasive, abusive, hostile, and unwelcome by Plaintiff, and occurred because of her race.

26.

Plaintiff has been injured by Defendant's discriminatory actions and harassment, and is entitled to all damages allowed under Title VII, including attorney's fees and costs of litigation, in an amount to be proven at trial.

## COUNT II:
## HARASSMENT AND RETALIATION
## IN VIOLATION OF O.C.G.A. § 45-1-4

27.

Plaintiff hereby pleads and incorporates by reference all of the allegations contained in Paragraphs 1 through 26, as if the same were set forth herein.

28.

Under Georgia law, "[n]o public employer shall make, adopt, or enforce any policy or practice preventing a public employee from disclosing a violation of or noncompliance with a law, rule, or regulation to either a supervisor or a government agency." O.C.G.A. § 45-1-4(d)(1).

29.

Similarly, Georgia law prohibits retaliation "against a public employee for disclosing violation of or noncompliance with a law, rule, or regulation to either a supervisor of government agency…" O.C.G.A. § 45-1-4(d)(2).

30.

As alleged herein, Defendant and Plaintiff are a covered, non-exempt employer and employee said statute, respectively. *See* O.C.G.A. §§ 45-1-4(a)(3)-(4).

31.

Defendant's conduct as alleged herein constitutes retaliation in violation of Georgia law, and Plaintiff is authorized to institute civil action for relief.

32.

Plaintiff has been injured by Defendant's retaliation, and is entitled to all damages allowed under Georgia law, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Diana R. Humble respectfully prays for the following relief:

1) That Summons and Process be issued to Defendant, and Defendant be served as provided by law;

2) That this matter be tried before a jury;

3) That judgment be awarded for and in favor of Plaintiff for back pay, benefits, and other emoluments of employment;

4) That judgment be awarded for and in favor of Plaintiff in the sum of $50,000.00 in compensatory and punitive damages suffered because of the discrimination and harassment in violation of Title VII;

5) That judgment be awarded for and in favor of Plaintiff in the form of front pay (including pay increases, raises, bonuses, value of benefits, and other emoluments of employment);

6) That judgment be awarded for and in favor of Plaintiff for all damages allowable pursuant to O.C.G.A. § 45-1-4;

7) That judgment be awarded for and in favor of Plaintiff for reasonable attorney's fees court costs, and expenses of bringing this action; and,

8) For such other relief as this Court shall seem just and proper.

Respectfully submitted, this 18th day of May, 2017.

                                                  s/ Kenneth E. Barton III
                                                  KENNETH E. BARTON III
                                                  Georgia Bar No. 301171
                                                  *Attorney for Plaintiff*

COOPER, DRAUGHON & COOPER, LLP
502 Mulberry Street, Second Floor
Macon, Georgia 31202
(478) 841-9007 telephone
(478) 841-9002 facsimile
keb@cooperdraughon.com