# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| DIANA R. HUMBLE, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-192 (MTT) |
| CIRRUS EDUCATION GROUP, INC., | ) |
| Defendant. | ) |

## ORDER

On December 4, 2017, the Court dismissed Plaintiff Diana Humble's Title VII claims for disparate treatment and pay discrimination because Humble failed to exhaust her administrative remedies as to those claims. Doc. 12 at 8. On December 12, 2017, Humble moved the Court to reconsider its Order. Doc. 15. For the following reasons, Humble's motion is **DENIED**.

## I. DISCUSSION

Pursuant to Local Rule 7.6, "Motions for Reconsideration *shall not be filed as a matter of routine practice*." M.D. Ga., L.R. 7.6 (emphasis added). Indeed, "[r]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.* "In order to demonstrate clear error, the

party moving for reconsideration must do more than simply restate [her] prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Humble's motion and supporting brief make no mention of the standard of review for motions for reconsideration, and she makes no effort to demonstrate that she has met one of the three grounds of that standard. Docs. 15; 15-1. Nor, at the December 19, 2017 hearing, did she argue that she could establish one of those grounds. Nor could she. The only reason for reconsideration she urges is that the Court should consider factual documentation, which she generally describes but is not otherwise in the record, that she allegedly gave to the EEOC the day she filed her Charge of Discrimination and a timeline, which is *now* in the record, that she allegedly sent to the EEOC *after* she filed her Charge. Docs. 15-1 at 2; 15-2 at 2. Clearly, she could have—as two plaintiffs did in a related case—filed and relied on this information when she responded to Cirrus Academy's motion to dismiss. Because Humble has provided the Court with no grounds for reconsidering its Order, Humble's motion is **DENIED**.

**SO ORDERED**, this 3rd day of January, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT